IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHNNY RAY CALDWELL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF UTAH,<br><br>　　　　Respondent. | **MEMORANDUM DECISION<br>& ORDER GRANTING MOTIONS TO<br>AMEND PETITION**<br><br>Case No. 2:15-CV-45 TC<br><br>District Judge Tena Campbell |

　　　　Petitioner, Johnny Ray Caldwell, an inmate at Salt Lake County Jail, filed a *pro se* habeas corpus petition.[1] The Court now grants Petitioner's motions to amend his petition and gives Petitioner the following guidance.

### INSTRUCTIONS TO PETITIONER

　　　　Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2] The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

---

[1] *See* 28 U.S.C.S. § 2254 (2015).

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded."[6]

Petitioner should consider the following general points before refiling his petition.  First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner.[7]  Second, the petitioner must clearly state who his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent.[8]  Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition.  Fourth, any claims about Petitioner's underlying conviction or sentencing should be brought under 28 U.S.C.S. § 2254 (2015); any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241 (2015).  Fifth, Petitioner

---

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5]*Id.* at 1110.

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original).

[8]*See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## MOTION FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motion for appointed counsel.  The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case.[9]  Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel.[10]  However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition.[11]

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time.  First, it is yet unclear that Petitioner has asserted any colorable claims.[12]  Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[13]  Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance."[14]  The Court thus denies for now Petitioner's motion for appointed counsel.

---

[9] *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998).

[10] *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts.

[11] *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2015).

[12] *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

[13] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

[14] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

**O R D E R**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner's motions to amend his petition are **GRANTED**.[15]  Petitioner shall have **THIRTY DAYS** from the date of this Order to submit his amended petition.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

(4) Petitioner's motion for appointed counsel is **DENIED**.[16]  However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

(5) Petitioner's motion for service of process is **DENIED**.[17]  Such a motion is unnecessary in a federal habeas case because the Court is required by rule to screen the petition and order a respondent to answer if warranted.

---

[15](*See* Docket Entry #s 7 & 11.)

[16](*See* Docket Entry # 5.)

[17](*See* Docket Entry # 6.)

(6) Petitioner's motion to stay proceedings is **DENIED**.[18] The motion is too confusing to understand; however, Petitioner may renew it if he wishes by being more clear about his request.

DATED this 24th day of September, 2015.

BY THE COURT:

_[signature: Tena Campbell]_
JUDGE TENA CAMPBELL
United States District Court

---

[18](*See* Docket Entry # 8.)